[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 10-11535
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
FEBRUARY 4, 2011
JOHN LEY
CLERK

D.C. Docket No. 1:09-cr-00458-CAP-RGV-1

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

WALTER MELENDREZ-LEIVA,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(February 4, 2011)

Before EDMONDSON, BARKETT and MARTIN, Circuit Judges.

PER CURIAM:

Walter Melendrez-Leiva appeals his 52-month sentence, imposed after he

pleaded guilty to reentering the United States after deportation, in violation of 8

U.S.C. §§ 1326(a) and (b)(2). Melendrez-Leiva argues on appeal that his sentence is substantively unreasonable. Specifically, Melendrez-Leiva contends that the district court did not vary downward far enough from his guideline range, imposing a sentence greater than necessary to comply with the purposes of sentencing set forth in 18 U.S.C. § 3553(a)(2), and failing to adequately address the "history and characteristics of the defendant" under § 3553(a)(1). Melendrez-Leiva argues that a 52-month sentence for illegal reentry is unreasonable because he tried to lead a productive life in Guatemala with his wife and child but had to flee to the United States under threats of death from his brother.

This Court reviews the reasonableness of a sentence under a "deferential abuse-of-discretion standard." *Gall v. United States*, 552 U.S. 38, 41 (2007). The sentencing court shall impose a sentence "sufficient, but not greater than necessary" to comply with the purposes of sentencing set forth in § 3553(a)(2), namely, to reflect the seriousness of the offense, promote respect for the law, provide just punishment for the offense, deter criminal conduct, protect the public from future criminal conduct by the defendant, and provide the defendant with needed educational or vocational training or medical care. 18 U.S.C. § 3553(a)(2). In imposing a particular sentence, the court must also consider the nature and circumstances of the offense, the history and characteristics of the defendant, the

2

kinds of sentences available, the applicable guideline range, the pertinent policy statements of the Sentencing Commission, the need to avoid unwarranted sentencing disparities, and the need to provide restitution to victims. 18 U.S.C. § 3553(a)(1), (3)-(7).

In this case, Melendrez-Leiva failed to show that his 52-month sentence was unreasonable. The district court departed downwards from Melendrez-Leiva's guideline range of 77 to 96 months, explaining that:

> [Melendrez-Leiva's] last conviction shows that . . . in June 2005, he pled guilty in court in the Eastern District of California . . . [and they] sentenced him to 51 months. Well, I don't want to go as high as 77. I'm not sure I would go below 51, since he already has got a sentence in that range and is a repeat offender.

The district court made an individualized assessment of the case and, after considering all the § 3553(a) factors, imposed a below-guidelines sentence that falls within the range of reasonable sentences dictated by the facts of this case.

**AFFIRMED.**